IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 25 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

| | |
|---|---|
| EMILY RICKMAN, | )<br>)<br>) |
| Plaintiff, | )<br>) Civil Action No.: 5:14cv00011 |
| v. | )<br>) |
| WILLIAM LOGAN,<br>*individually and in his official capacity as*<br>*Judge in the Shenandoah Juvenile and*<br>*Domestic Relations District Court in the 26th*<br>*Judicial District of Virginia,* | ) By: Hon. Michael F. Urbanski<br>) United States District Judge<br>)<br>)<br>)<br>) |
| Defendant. | ) |

## MEMORADUM OPINION

Emily Rickman, pro se, brings this action pursuant to 42 U.S.C. § 1983 against the Honorable William H. Logan, Jr., the Chief Judge of the Shenandoah County Juvenile and Domestic Relations District Court, for actions taken by Judge Logan in his role as a judge of that court. Her claims are barred by the doctrine of judicial immunity and shall accordingly be dismissed.

I.

"The Supreme Court has long recognized that it is 'a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself.'" Kendrick v. Cavanaugh, No. CIV. CCB-10-2207, 2011 WL 2837910, at *3 (D. Md. July 14, 2011) (quoting Stump v. Sparkman, 435 U.S. 349, 355 (1978)), aff'd, 470 F. App'x 194 (4th Cir. 2012). In furtherance of this principle, the doctrine of judicial immunity shields judicial officers from suits by disappointed litigants. If judges lacked such protection, "[t]he resulting timidity would . . . manifestly detract from independent and impartial adjudication."

Forrester v. White, 484 U.S. 219, 227 (1988). Additionally, the ability to file suit against judges is not necessary for the correction of judicial errors. "Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability." Id.

"The doctrine of judicial immunity is expansive." Cruey v. Huff, No. CIVA 7:09CV00516, 2010 WL 1539995, at *4 (W.D. Va. Apr. 16, 2010), aff'd sub nom. Cruey v. Kirby, 445 F. App'x 647 (4th Cir. 2011). It includes immunity from both damages and injunctive relief. Id. at *4 (citations omitted).[1] Furthermore, judicial immunity is immunity from suit, not merely immunity from liability. Rodriguez v. Doe, 13-1638, 2013 WL 6487495, at *2 (4th Cir. Dec. 11, 2013) (unpublished per curiam) (citing Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam)). Indeed, the Supreme Court has held that the doctrine is overcome in only two sets of circumstances. Mireles, 502 U.S. at 11-12. "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity." Id. at 11 (citations omitted). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. at 12 (citations omitted); see also Rodriguez, 2013 WL 6487495, at *2 (quoting Mireles, 502 U.S. at 11-12) (noting that these are the only two exceptions); King v. Myers, 973 F.2d 354, 356-57 (4th Cir. 1992) (discussing Stump, 435 U.S. 349) (holding that a judge is immune for judicial acts unless undertaken in the clear absence of all jurisdiction). "A judicial officer will not be deprived of immunity simply

---

[1] The Supreme Court held in Pulliam v. Allen, 466 U.S. 522 (1984), that judicial immunity did not extend to injunctive relief. However, as has been acknowledged by numerous courts, the Federal Courts Improvement Act of 1996 abrogated that decision. See, e.g., Donato Malave v. Abrams, 547 F. App'x 346, 347 (4th Cir. 2013) (unpublished per curiam) (so holding); Clay v. Osteen, No. 1:10CV399, 2010 WL 4116882, at *4 (M.D.N.C. Oct. 19, 2010) (same); Willner v. Frey, 421 F. Supp. 2d 913, 926 n.18 (E.D. Va. 2006), aff'd, 243 F. App'x 744 (4th Cir. 2007) (same). 42 U.S.C. § 1983 as currently written disallows any action "against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." "Thus, the doctrine of judicial immunity in Section 1983 actions now extends to suits for injunctive relief." Clay, 2010 WL 4116882, at *4. As such, the fact that Rickman purports to seek injunctive relief does not render judicial immunity inapplicable to this case.

2

because an action was taken in error, was done maliciously, or exceeded the scope of [his] authority." Cruey, 2010 WL 1539995, at *4 (citing Stump, 435 U.S. at 356).

## II.

Rickman's amended complaint makes abundantly clear that this case falls squarely within the scope of judicial immunity. She specifically alleges that Judge Logan violated the 14th Amendment "in his capacity as a Judge in the Shenandoah Juvenile and Domestic Relations District Court in the 26th Judicial District of Virginia." Am. Compl., Dkt. No. 3, at 1. Her specific factual allegations all relate to Judge Logan's rulings in a child support case. She asserts that Judge Logan had her arrested and incarcerated for delinquent child support payments that she had actually paid, treated her ex-husband more favorably during the course of the proceedings, and a had "conspiratorial" meeting with her ex-husband and his attorney at a local pizzeria (although she fails to allege any specific facts about what took place at this meeting).[2]

Plainly, Judge Logan's actions were judicial in nature. Whether an act by a judge is a "judicial" one is determined "by the nature of the act itself, *i. e.*, whether it is a function normally performed by a judge, and by the expectations of the parties, *i. e.*, whether they dealt with the judge in his judicial capacity." Stump, 435 U.S. 362; see also Cole v. Summey, 329 F. Supp. 2d 591, 595 (M.D.N.C. 2004) (citations omitted) (holding that a judge performs a judicial act when performing a function normally performed by a judicial and when being dealt with in his or her official capacity). At their core, Rickman's complaints are about the way Judge Logan conducted the proceedings and ruled in case she had before him. Rickman's complaint only references acts taken (or not taken) or statements made by Judge Logan in connection with Rickman's (and her ex-husbands') child support payments. Cf. Cole v. Summey, 329 F. Supp. 2d 591, 595 (M.D.N.C. 2004) ("The

---

[2] Rickman also makes allegations against the Virginia Division of Child Support Enforcement ("DCSE"), and asserts that Judge Logan has failed to redress the DCSE's account errors and overcharging of administrative fees.

3

Complaint only references acts taken and statements made by the Magistrate in connection with issuing, or failing to issue, arrest warrants."). These are functions – presiding over judicial proceeding and making legal rulings – that are normally performed by a judge, and Rickman was dealing with Judge Logan in his official capacity. As such, her suit is based on Judge Logan's judicial acts.

Additionally, it is clear that Judge Logan, a Juvenile and Domestic Relations ("JDR") Judge, had jurisdiction to hear the case. See Va. Code Ann. § 16.1-241(A)(3) (authorizing the jurisdiction of JDR judges in cases involving the determination of child support); cf. Hester v. W. Virginia, No. 5:07-CV-00401, 2008 WL 4298471, at *7 (S.D.W. Va. Sept. 18, 2008) aff'd, 305 F. App'x 109 (4th Cir. 2008) (finding a West Virginia Raleigh County Circuit Court Judge clearly had jurisdiction in a sexual assault trial, citing W. Va.Code § 51-2-2). Rickman, however, asserts that judicial immunity has been "forfeited" due to Judge Logan allegedly "willful and malicious" conduct because "in doing so [Judge Logan] was acting outside his Judicial Jurisdiction." Am. Compl., Dkt. No. 3, at 3. This argument is totally void of merit. Judge Logan clearly acted within his jurisdiction as the Chief Judge of the Shenandoah County Juvenile and Domestic Relations District Court in conducting proceedings and making rulings in Rickman's child support case. Rickman's allegations of malice do not overcome judicial immunity. Stump, 435 U.S. at 356; Cruey, 2010 WL 1539995, at *4.

Any issues Rickman has with Judge Logan's rulings are properly raised on appeal through the "ordinary mechanisms of review" provided by the courts of the Commonwealth of Virginia. Any allegations of unethical behavior are properly addressed by the Commonwealth's Judicial Inquiry and Review Commission. See Va. Const. art. VI, § 10; Va. Code Ann. § 17.1-902.[3] In short, a lawsuit against the Judge pursuant to 42 U.S.C. § 1983 in federal court is not the proper means by

---

[3] Rickman indicates in her complaint that she previously made two complaints to the Commission, both of which were rejected. Am. Compl., Dkt. No. 3, at 3. 42 U.S.C. § 1983 is not a vehicle by which to appeal those decisions to this court.

4

which to redress the harms alleged by Rickman. Furthermore, Rickman's obvious distaste for Judge Logan and his rulings provides no reason whatsoever to set aside the fundamentally important doctrine of judicial immunity. See Stump, 435 U.S. at 363 ("Disagreement with the action taken by the judge . . . does not justify depriving that judge of his immunity."). Indeed, this case is a paradigmatic example of when the doctrine is properly applied.

### III.

In light of the foregoing, the doctrine of judicial immunity dictates that thus action be dismissed. Because judicial immunity is a protection from suit, Judge Logan is entitled to summary dismissal. Buchanan v. Byars, No. 1:13-CV-2489 DCN, 2013 WL 6019317, at *2 (D.S.C. Nov. 13, 2013). An appropriate Order will be entered this day.

The Clerk is directed to send a certified copy of this Order to the pro se plaintiff.

Entered: April 24, 2014

/s/ Michael F. Urbanski
Michael F. Urbanski
United States District Judge